MALMBERG v. PETERSON (CHILSON et al., Interveners.)

Rev. Civ. Code, § 2035, provides that an inferior lienor may redeem the property, as the owner might, from the superior lien, and be subrogated to all benefits of the superior lien; section 2451 defines constructive notice as notice imputed by law to one not having actual notice; and section 2452 provides that every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself. A second mortgagee paid the first mortgagee the amount due him, but no assignment or indorsement was made on the papers delivered, and no assignment of the mortgage taken, and thereafter the second mortgage was foreclosed by advertisement and plaintiff purchased. Before purchasing he made inquiries of the first mortgagee, who stated that his mortgage had been paid and satisfied; but plaintiff did not inquire who had paid it. **Held,** that plaintiff had constructive notice of the rights of the second mortgagee under his redemption.

(Opinion filed, July 11, 1906.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Actions by A. O. Chilson and another against Elmer E. Youngs and others to foreclose a mortgage, and by Carl Malmberg to quiet title to the mortgaged premises, in which Chilson and Haugen intervened. The actions were consolidated, and from a judgment foreclosing the mortgage, Malmberg appeals. Affirmed.

*Sears & Potter,* for appellant. *Alley & Anderson,* for respondents.

CORSON, J. This is an appeal by Carl Malmberg from the judgment and from the order denying a new trial. The respondents, Chilson and Haugen, commenced an action to foreclose a certain mortgage executed by Elmer E. Youngs and wife to Gilbert D. Peterson, to which the appellant in this action filed an answer. Subsequently the appellant commenced an action to quiet his title to the premises covered by the mortgage to Peterson, in which action the respondents Chilson and Haugen, filed a complaint in intervention. The two actions were consolidated and tried as one action by the court without a jury. The facts necessary to a proper understanding of the questions, presented in this case, may be briefly stated as follows: In 1898 Youngs and wife, being the owners of certain lots in the city of Webster, Day county, mortgaged

the same to Peterson to secure the payment of a note for $300. Subsequently in 1899 Youngs and wife mortgaged the same property to one Taylor to secure the payment of a certain note, and this mortgage was assigned by Taylor to the respondents, Chilson and Haugen. Subsequently in 1902 Youngs and wife mortgaged the same property to Chilson and Haugen to secure the payment of a note for $250. While Chilson and Haugen were the owners of the two mortgages, they paid Peterson the amount due on the first note and mortgage, and Peterson delivered to them the note and mortgage and a satisfaction of the same duly executed. No assignment or indorsement of any kind was made on the papers so delivered. Some time thereafter Chilson and Haugen foreclosed by advertisement the last mortgage made to them, and the same was purchased at the sale by one Mrs. Meyer, who subsequently sold and delivered the certificate of sale to the appellant in this action, and a deed thereon was subsequently issued to him. Chilson and Haugen, in the spring of 1905, commenced the action to foreclose the Peterson mortgage, claiming to be the owners of the same by reason of the payment of the amount due thereon, paid by them as subsequent mortgagees to protect their interests as such mortgagees. The appellant filed an answer, admitting the execution of the mortgage by Youngs and wife to Peterson, but claimed that before purchasing the said certificate of sale from Mrs. Meyer he ascertained from the record the existence of the mortgage to Peterson, and thereupon he made inquiries of Peterson as to his said mortgage, and was informed by him that the same had been paid and satisfied, and that by reason of these facts he is entitled to the property, free and clear of the said Peterson mortgage.

The court, however, in its eighth finding of facts, finds as follows: "That the defendant Carl Malmberg, at the time of the purchase of the hereinbefore described premises, knew that the mortgage in finding No. 1 above described was not paid by Elmer E. Youngs and Lora A. Youngs, or by either of them, or by any person for them, and that said defendant Malmberg had such information in relation thereto as to put a reasonably prudent and cautious man upon his inquiry, and that in pursuing such inquiry said Malmberg did not exercise such diligence as a reasonably prudent man

should have exercised under the circumstances." This finding is challenged by the appellant as not being supported by the evidence. It appears from uncontradicted evidence that the appellant, before purchasing the certificate of sale of Mrs. Meyer, examined the record and ascertained therefrom the existence of the Peterson mortgage, and that he thereupon went to Peterson and asked him in regard to this mortgage, and was informed by him that the mortgage was fully paid up. No further inquiries were made by the appellant in regard to this mortgage. It also appears by the undisputed evidence that the mortgage has never been paid by Youngs or wife, or by any person for them, and that the payment of the same by Chilson and Haugen was made by them to protect their two subsequent mortgages, and that Peterson was so informed at the time they made the payment. The appellant, when a witness on his own behalf, testified as follows: "I went and asked Mr. Peterson if he had a mortgage against this piece of land, and how much he had against it—that is, the mortgaged premises in controversy; and he told me that it was paid and satisfaction issued, and I went out, and after receiving that information from him I made this purchase. I relied upon and believed what Mr. Peterson told me, and I made the purchase, supposing and believing that this Peterson mortgage had been paid." On cross-examination he testified that Peterson did not tell him at the time who paid the mortgage, and he made no inquiries of him as to who made the payment. It will thus be seen that the appellant made no inquiries calculated to illicit from Peterson who paid the mortgage or under what circumstances the same was paid, and he must therefore be regarded as having constructive notice of all the facts which by further inquiries he could have ascertained. Sections 2451, 2452, Rev. Civ. Code, provide as follows:

"Sec. 2451. Constructive notice is notice imputed by the law to a person not having actual notice.

"Sec. 2452. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

It is clear, therefore, that the appellant did not make such in-

quiries in regard to the payment of the mortgage as the informa-
tion he had received from the record required him to make. The
finding of the court is evidently based upon the theory that appellant
had constructive notice of all the facts that he could have ascer-
tained by proper inquiries, and the finding is therefore fully sus-
tained by the evidence.

Section 2035 of our Revised Civil Code provides as follows:
"One who has a lien inferior to another upon the same property,
has a right: (1) To redeem the property in the same manner as
its owner might, from the superior lien; and (2) to be subrogated
to all the benefits of the superior lien when necessary for the pro-
tection of his interests, upon satisfying the claim secured thereby."
Chilson and Haugen had the undoubted right under the statute o
pay the Peterson mortgage and to be subrogated to all the rights
of Peterson therein. It was the duty of the appellant, therefore,
to ascertain by whom and for what reason the Peterson mortgage
was paid. The appellant must be presumed to know the law, and
to know that the payment might be made by the holder of a sub-
sequent lien on the property and that in such case the party paying
would have the right to be subrogated to all the rights of Peterson,
the mortgagee. The fact that the mortgage was recorded and no
satisfaction or assignment of the same appeared upon the record
was notice to him as a prudent man that he should not only have
inquired of Peterson as to whether or not the mortgage was paid,
but he should have pursued the inquiry by ascertaining by whom
the payment was made, and followed that up by inquiries as to their
reasons for paying the same. The appellant, therefore, failing to
make the necessary inquiries, the law cannot regard him as an in-
nocent purchaser without notice, and his contention that he is pro-
tected in the purchase of the certificate and is entitled to the prop-
erty by virtue of the deed issued thereon as against the claims of
Chilson and Haugen cannot be sustained.

The contention of appellant that Chilson and Haugen should
have taken an assignment of the Peterson mortgage at the time they
paid the same and had the same recorded is not tenable. The law
does not require a subsequent purchaser or incumbrancer, who pays
off a prior mortgage or lien, to take any assignment of the same,

·or to do more than was done by Chilson and Haugen in this case, and to impose such a duty upon the party paying off a prior lien would sometimes defeat the very object of the statute; for the party holding the prior lien might refuse to make such an assignment, as was done in the case at bar. It is sufficient, therefore, if the subsequent lienholder pays off the prior lien, and when it is so paid, the subsequent lienholder by virtue of the statute becomes in contemplation of law the assignee of the prior lien, and is subrogated to all the rights of the prior lienholder.

In our opinion, the judgment of the circuit court was right, and the judgment and order denying a new trial are affirmed.